THE STATE OF MISSOURI, Respondent, *v.* EDWARD KAUB, Appellant.

### May 13, 1884.

1. CRIMINAL LAW — LOTTERIES. — One who establishes or aids in establishing, or who advertises a lottery as a business, is guilty of a felony; one who merely advertises or sells tickets, or advertises the numbers drawn, is guilty of a misdemeanor.

2. —— It is not necessary that one who advertises a lottery should be interested therein as a proprietor in order to constitute the offence a felony.

3. —— EVIDENCE. — Illegal circulars and tickets may be used as evidence in the trial of such a case, though these documents have been illegally obtained from the accused.

4. —— Such evidence will not be rejected on the ground that to permit its introduction would be to compel the accused to give evidence against himself.

Appeal from the St. Louis Criminal Court, Van Wagoner, J.

*Affirmed.*

Turner & Morris, for the appellant.

Thos. B. Harvey, for the respondent.

Bakewell, J., delivered the opinion of the court.

The indictment in this case has two counts. The first count charges that defendant, at the city of St. Louis, on the 13th of October, 1882, did knowingly, wilfully, and feloniously make and establish, and aid and assist in making and establishing, as a business and avocation in said city, a lottery and scheme of drawing in the nature of a lottery, known as the Louisiana State Lottery. The second count charges that defendant, at the date and place aforesaid, did knowingly, wilfully, and feloniously, advertise and make public, and cause to be advertised and made public, by means of certain notices then and there printed and circulated in said city and state, that a certain lottery and scheme and drawing in the nature of a lottery known as the Louisiana State Lottery would then and thereafter be conducted, held, and drawn monthly within the city of New Orleans, Louisiana, etc.

The jury found defendant guilty as charged in the second count, and assessed his punishment at six months in the workhouse.

There was evidence tending to show that the Louisiana State Lottery is a stock company organized under the laws of Louisiana, owned by the stockholders. The object of the company is that implied by its name. It has monthly and daily drawings in New Orleans and nowhere else. The company employs vendors to sell its tickets on commission. Kaub was employed by the company as one of its vendors, and sold tickets in St. Louis. He kept a bird store in St.

Louis, and conducted his lottery business in a room back of the store. The police made a raid upon his place at the date named in the indictment, and found in this back room large hand-bills of the lottery, and smaller hand-bills to the same purpose, and hand-bills of the official drawings. These bills were all of October and November, 1882 ; also small envelopes to inclose lottery tickets, with the initials of the lottery and Kaub's name and address printed on the back; also, lottery tickets, and smaller advertisements of the lottery in the shape of cards. Some of these were found outside of Kaub's safe ; some were taken from his safe, which was opened by Kaub under a threat from the police that, if he did not open it, they would break it open ; some tickets, with the envelopes enclosing them, were, at the date of the arrest of Kaub, taken from a dealer who had just bought them of Kaub, and who was arrested with him at his shop when the police made the raid upon his place on the 13th of October, 1882. This dealer was in the habit of buying tickets from Kaub, and calling at his place to get the monthly lists of drawings These lists of prizes drawn were obtained daily in Kaub's back room by people who came there, and who took these papers, as well as the other hand-bills of the lottery which were lying about the room.

Besides the instructions as to the first count, and other instructions which we need not notice, the court gave the following instructions of its own motion : —

" If the jury believe and find from the evidence, that the defendant, at the city of St. Louis, at any time from and after the first of July, 1881, up to and including the 13th of October, 1882, did feloniously advertise or make public, or cause to be advertised or made public, by means of printed notices then and there printed and circulated in said city, that a certain lottery, or scheme, or drawing in the nature of a lottery, known as the Louisiana State Lottery, would then or thereafter be conducted, held, or drawn monthly within

the city of New Orleans and State of Louisiana; that by means of said lottery, or scheme, or drawing, money was to be disposed of by lot or chance, they will find defendant guilty of a felony as by the second count of the indictment he stands charged, and assess his punishment at imprisonment in the penitentiary for a term of not less than two years or more than five years, or by imprisonment in the city jail, or in the city work-house, for not less than six or more than twelve months."

" The court instructs the jury that any scheme whereby one, on paying money or other valuable things to another, becomes entitled to receive from him such a return in value or nothing, as some formula of chance may determine, is by law a lottery."

Defendant asked the court to give to the jury instructions substantially as follows, all of which were refused, as were also instructions referring to the first count which we do not set out :—

If defendant, before the 13th of October, 1882, and after the 1st of July, 1881, advertised or caused to be advertised, for sale, any lottery ticket, or tickets, in any lottery or device in the nature of a lottery within this State or elsewhere, or at any time between the dates aforesaid, advertised the drawing of any scheme in any lottery or published such scheme, he was guilty of a misdemeanor to be punished by a fine of not less than one nor more than one thousand dollars.

In order to convict defendant of advertising or making public, or causing to be advertised or made public, by means of any newspaper or otherwise, any lottery, they must find from the evidence such advertising was done by defendant in the capacity of a proprietor or owner of such lottery.   One who acts simply as an employee, on commission or for a salary, is not within the purview of the law.

The simple possession of circulars and printed matter by defendant is no offence.

A lottery vendor in Missouri is one who sells lottery tickets, or advertises them for sale; and such a vendor is guilty of a misdemeanor.

Proof that defendant has sold, exposed for sale, advertised, or caused to be advertised, or kept for sale, any lottery tickets, or assisted in so doing, within this state or elsewhere, establishes only a misdemeanor under the law, and will not sustain a conviction under an indictment charging defendant with establishing a lottery as a business or avocation.

1. The statutory provision as to offences connected with lotteries in this state, in force at the date named in the indictment before us, and now, are to be found in section 1566 of the Revised Statutes of 1879, as amended by the act of the general assembly of the 22d of March, 1881 (Sess. Acts, p. 113), and in section 1567 as it now stands in the revision. The existing law, then, is as follows: —

" SECT. 1566. Establishing lottery — Penalty. — If any person shall make or establish, or aid or assist in making or establishing, any lottery, gift enterprise, policy or scheme of drawing in the nature of a lottery, as a business or avocation in this state, or shall advertise or make public, or cause to be advertised or made public, by means of any newspaper, pamphlet, circular, or other written or printed notice thereof, printed or circulated in this state, any such lottery, gift enterprise, policy, or scheme, or drawing in the nature of a lottery, whether the same is being, or is to be, conducted, held, or drawn, within or without this state, he shall be deemed guilty of a felony, and upon conviction shall be punished by imprisonment in the penitentiary for not less than two nor more than five years, or by imprisonment in the county jail or work-house for not less than six nor more than twelve months.

" SECT. 1567. Advertising lottery tickets. — Any person who shall sell or expose to sale, or cause to be sold or exposed to sale, or shall keep on hand for the purpose of

sale, or shall advertise, or cause to be advertised, for sale, or who shall print or publish such advertisement, or shall aid or assist or be in anywise concerned in the sale or exposure to sale of any lottery ticket or tickets, or any share or part of any lottery ticket, in any lottery or device in the nature of a lottery, within the state or elsewhere, and any person who shall advertise, or cause to be advertised, the drawing of any scheme in any lottery, or shall print or publish such advertisement, and shall be convicted thereof in any court of competent jurisdiction, shall, for each and every such offence, forfeit and pay a sum not exceeding one thousand dollars."

It is contended by counsel for appellant that section 1566 applies only to the proprietors of lottery schemes, and section 1567 only to those who, without having any interest in the lottery, are mere vendors of tickets.

No such meaning is apparent from the language of the sections ; and we do not see how they can be so expounded without recourse to that *divinatio, non interpretatio, quæ omnino recedit à literá*, and which is not to be admitted in the construction of statutes. The good and sound construction of statutes is that which first considers the true import of the words themselves, and then reads them according to the most natural and obvious sense of the language. Nor, when we consider the history of legislation in regard to lotteries in this state as shown by the changes in the statutes on the subject, do we perceive any reason for resorting to any forced construction to apply the remedy to the mischief, and carry out the meaning of the legislature.

Section 1567 was the only provision on the subject in the revision of 1855 (1 Rev. Stats. 1855, p. 629, sect. 28), and remains unchanged, except for the insertion of the words in regard to printing and publishing the advertisement, and except that the law of 1855 had an additional penalty of six months' imprisonment in the county jail, which is now omitted. This omission was made in the revision of 1865.

Rev. Stats. 1865, p. 819, sect. 28. The clause as to printing and publishing, is an amendment adopted on the 19th of April, 1879 (Sess. Acts, p. 90); and the section so amended was adopted in the revision of 1879, in which it appeared as section 1567, and was preceded by a new section (1566) which provided that: " If any person shall make or establish, or aid or assist in making or establishing, any lottery, gift enterprise or scheme of drawing in the nature of a lottery, for any purpose, in this state, or shall advertise or make public, or cause to be advertised or made public, by means of any newspaper, pamphlet, circular, or other written or printed notice thereof, printed or circulated in this state, any such lottery, gift enterprise, or scheme or drawing in the nature of a lottery, whether the same is being, or is to be, conducted, held, or drawn, within or without this state, he shall be deemed gulity of a misdemeanor." The heading of this section in the revision was " Lotteries prohibited." By act of the 22d of March, 1881 (Sess. Acts, p. 113), this act was amended so as to read as it now stands, and as we have set it out textually above. The amendments were these: the word " policy " was inserted after " gift enterprise." The words, " lottery for any purpose," were changed into " lottery as a business or avocation." The offences were declared to be a felony, instead of a misdemeanor; and the punishment was fixed as it now stands; and the title of the section was changed to " Establishing lottery — Penalty."

Under the law, as we understand it, any one who establishes, or aids in establishing, a lottery as a business, or advertises such a lottery, is guilty of a felony; whilst one who merely sells tickets, or advertises the sale of lottery tickets, or advertises the numbers drawn, is guilty of a misdemeanor. A vender of lottery tickets may merely advertise that fact, and publish the numbers drawn; or he may establish a lottery as a business in Missouri, or aid in doing so, or adver-

tise the lottery itself, setting forth, in circulars or otherwise, the supposed advantages of the scheme, the number and amount of prizes, the guarantees that prizes will be paid, and all those circumstances which are calculated to induce persons to purchase tickets.    These latter acts, by which the public are incited to buy, the legislature has seen fit to make felonious; and, by no fair construction of the law, can it be said that this species of advertising is not a felony under the law, unless the advertiser is a proprietor of the lottery advertised.

2. No person can be compelled to give evidence against himself, nor are admissions under duress to be used against the accused.    But documents, such as forged notes, burglars' tools, and, in this case, illegal circulars and tickets, may be used in evidence, though illegally obtained.    They speak for themselves, and are not evidence given by the accused.    Whether they are obtained by force, or fraud, or by an illegal search warrant, it is held that they may be introduced against the accused on the trial.    If the tickets and circulars were illegally seized, the officers may be answerable; but the court could not reject them, if pertinent, because illegally obtained, nor go into a collateral issue as to whether they were illegally obtained or not.    This principle seems to be well settled; and some of the cases which we cite were precisely parallel to the one before us, and, as it happens, arose from illegal seizure of lottery tickets which were offered in evidence against the person from whose possession they were illegally obtained.    *The Commonwealth* v. *Dana*, 2 Metc. 329; *The State* v. *Flynn*, 36 N. H. 64; *Leggatt* v. *Tollervey*, 14 East, 302; 1 Greenl. Ev., sects. 231, 254.

We see no reason for disturbing the conviction.    The judgment is affirmed.    All the judges concur.